

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 0895 |
| ) | |
| v. ) | Magistrate Judge |
| ) | Arlander Keys |
| ) | |
| ROBERT F. SCHAUDT, JOANN ) | |
| SCHAUDT, ROBERT F. SCHAUDT ) | |
| AND WILLIAM F. SCHAUDT, ) | |
| as co-trustees of the ) | |
| William G. Schaudt & Evelyn M. ) | |
| Schaudt Family Trust, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff United States of America timely moves this Court to alter and amend its Memorandum Opinion and Order of October 8, 2008. Also before the Court is the United States' Motion to Compel Production of Documents Regarding the Zeus Trust and Defendants' Objections and Motion to Strike Plaintiff's Proposed Order Regarding Motion to Compel. For the reasons set forth below, Plaintiff's motion to alter and amend is granted. Plaintiff's motion to compel and Defendants' motion to strike are therefore denied as moot.

### Background

The facts of this case are presented in the Court's October 8, 2008 Memorandum Opinion and Order. *See United States v.*

*Schaudt*, No. 07 C 0895, 2008 U.S. Dist. LEXIS 8056 (N.D. Ill. Oct. 8, 2008). Consequently, they will not be outlined in great detail here.

In its Order, the Court addressed, *inter alia*, whether there was sufficient evidence to hold that Robert Schaudt (Robert) fraudulently transferred the Northbrook property to Joann Schaudt (Joann). Specifically, the Court analyzed the transfer under the Illinois Uniform Fraudulent Transfer Act (UFTA) and considered whether there were adequate, undisputed facts indicating that either the transfer was made with the actual intent to defraud or the transfer was one which the law deems fraudulent. The Court opined that there remained a number of key, disputed facts crucial to a finding of actual fraud (i.e., whether the transfer of the Northbrook property to Joann in exchange for her marital interest in Zeus Concepts, LLC (Zeus) was for reasonably equivalent value, whether Robert retained possession or control of the Northbrook property even after the transfer to Joann); therefore, it declined to make such a determination. Similarly, the Court evaluated the Government's right to recovery under a fraud in law theory and found that it could not grant summary judgment on this claim, as the actual value of Zeus Concepts was in dispute, as well as whether Robert received reasonably equivalent value for the transfer. Having found neither actual nor constructive fraud, the Court declined to impose a

constructive trust upon Joann's Antioch property.

**Standard of Review**

Federal Rule of Civil Procedure 59(e) allows a party, within ten days of the entry of judgment, to file a motion to alter or amend the judgment. To be successful, the moving party must either present newly discovered evidence or establish a manifest error of law or fact. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). A Rule 59(e) motion is not the appropriate vehicle by which to rectify procedural errors or present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Id.*

**Discussion**

Plaintiff asks the Court to reconsider: 1) whether, in light of the value of Joann's marital interest in Zeus, Robert fraudulently transferred the property located in Northbrook, Illinois, to her, and 2) whether a constructive trust should be placed upon Joann's property located in Antioch, Illinois.

**I. Fraudulent Transfer**

Plaintiff argues that this Court committed error in its Memorandum Opinion and Order dated October 8, 2008, by failing to grant summary judgment on the issue of whether Robert fraudulently transferred the Northbrook property to Joann. Specifically, the Government contends that Joann's alleged marital interest was no more than one percent of a company worth

- by Defendants' own admission - $4,231,000. As such, Joann's interest was worth a mere $42,310 at the time of transfer. This amount, the Government argues, is "dwarfed" by what Joann received in return - a house valued at $539,000. The Court agrees.

The Illinois UFTA protects against two types of fraudulent transfers, those involving actual fraud and those which the law considers fraudulent (i.e., constructive fraud or fraud in law). 740 ILL. COMP. STAT. 160/5; *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997). As the Court opined on October 8, 2008, a determination that Robert possessed the actual intent to defraud the Government would require the Court to "consider material facts that are currently in dispute, and then . . . make certain factual determinations." *Schaudt*, 2008 U.S. Dist. LEXIS 8056, at *13. At this juncture in the proceedings, this is not permissible. Consequently, the Court declines to alter or amend its decision with respect to Robert's actual intent to defraud. Upon further consideration, however, the Court finds that the transfer of the Northbrook property is one deemed fraudulent under the law.

Four elements must be satisfied in order that the transfer be considered one that is fraudulent under the law. It must be shown that "1) the debtor made a voluntary transfer; 2) at the time of the transfer, the debtor had incurred obligations

4

elsewhere; 3) the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer; and 4) after the transfer, the debtor failed to retain sufficient property to pay the indebtedness." *Gen. Elec. Capital Corp.*, 128 F.3d at 1079. In the case at bar, however, only the presence of one element is in dispute. Specifically, the parties challenge whether the transfer of the Northbrook property to Joann in exchange for her marital interest in Zeus was an exchange for reasonably equivalent value. The Court finds that it was not.

At Defendants' request, Coleman Joseph Blitstein & Stuart LLC (Coleman), an accounting and consulting firm, prepared limited scope estimates of the value of a 100% interest in the equity of Zeus under three scenarios. (Def.'s Prop. Stat. Facts Supp. Def.'s Mot. Summ. J. Purs. Local Rule 56.1, Ex.12 at 67). These estimates, effective as of December 31, 2005, ranged from a minimum of $492,000 to a maximum value of $4,231,000. *Id.* Defendants alleged that it was in exchange for Joann's interest in this company that she was transferred the Northbrook property by Robert. But while Defendants submitted Coleman's report to the Court in an effort, presumably, to bolster their claims, they subsequently asserted that "the Defendant's [sic] appraisal cannot be used by the Government to prove its case in chief." However, Defendants' argument is misplaced. Indeed, the Court can consider Defendants' expert report. To be sure, in ruling on

a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party. See Shank v. William R. Hague, Inc., 192 F.3d 675, 681 (7th Cir. 1999). As Defendants were the non-moving parties, the standard requires the Court to accept the highest value placed on Zeus - an estimate provided by *Defendants'* own expert. Consequently, the value of Zeus is not truly in dispute. The Court's prior finding that it is, was made in error.

Defendants' expert determined the maximum value of Zeus to be $4,231,000 - a value that the Court hereby adopts. However, as stated earlier, this presumes a 100% interest. But by Defendants' own admission, Joann did not have a 100% interest in Zeus. To be sure, Robert admitted that the Zeus Trust owned 98% of Zeus. (Pl.'s Resp. Def.'s Prop. Stat. Facts Supp. Def.'s Mot. Summ. J. Purs. Local Rule 56.1, Ex. 2. Pt. 2 at 67.) Consequently, Joann's interest in Zeus was at most 2% - worth a mere $84,620.[1] This amount is considerably less than the $539,000 house that Joann received in return. So much so that the Court finds that the exchange was not for reasonably

---

[1] The Court makes no determination as to whether Joann's interest in Zeus was separate or marital property. Instead, the Court based its calculation on a best-case scenario - one in which the property was separate rather than marital, and thus, Joann owned the entire 2% interest. It will be of no consequence, therefore, should the interest subsequently be found to be marital property, in which Joann's interest would be 1% or $42,310.

6

equivalent value.

Defendants raise the possibility that Joann may have had an interest in the Zeus Trust. However, as this would not be considered a marital interest, the Court is strained to understand its relevance. Similarly, the presence of potential minority discounts fails to persuade the Court, as Defendants owned at most, 2% of Zeus, while a single entity, the Zeus Trust, possessed the remaining 98%.

## II. Constructive Trust

The Government asserts that, to its detriment, Joann mortgaged the Northbrook property and used the proceeds to make a down payment on the Antioch property. Consequently, it urges the Court to impose a constructive trust on the Antioch Property to prevent Joann's unjust enrichment.

"A constructive trust is an equitable remedy imposed by a court to prevent . . . unjust enrichment." *In re Liquidation of Sec. Cas. Co.*, 537 N.E.2d 775, 782 (Ill. 1989)(citations omitted). Generally, courts impose constructive trusts in instances of "actual fraud or breach of a fiduciary duty." *Id.* However, wrongdoing is not always required. *Smithberg v. Ill. Mun. Ret. Fund*, 735 N.E.2d 560, 565 (Ill. 2000)(citations omitted). Except in situations involving a bona fide purchaser for value, "a constructive trust may be imposed even though the person wrongfully receiving the benefit is innocent of collusion

7

[citation]. By accepting the property, he adopts the means by which it was procured." *Id.* at 566.

Defendants argue that fraud is a required element for the imposition of a constructive trust. Indeed, the Court has determined that the transfer at issue was one which the law considers fraudulent. As such, the imposition of a constructive trust is an appropriate remedy. However, Defendants' argument that fraud is a required element, is misplaced. And in adopting said reasoning in its October 8, 2008, opinion, the Court committed error. To be sure, even had the Court not found the transfer to be constructively fraudulent, imposing a constructive trust would still be the proper course of action, as Joann wrongfully received the Northbrook property. Robert transferred the Northbrook property to Joann, who subsequently executed a mortgage, the proceeds of which she used to purchase the property in Antioch. All the while, federal tax liens resulting from Robert's tax debts had attached to the property. Allowing Joann to keep the Antioch property is certainly not a result that "equity and good conscience" dictates. Joann would be unjustly enriched to the detriment of the Government, to whom the debt is owed. Were the Court not to impose a constructive trust on the Antioch property, surely others seeking to evade tax responsibilities would be encouraged to follow the same course of conduct. Consequently, the Court, having determined that fraud

8

is not a requisite, imposes a constructive trust on the Antioch property to the extent that the equity in the Northbrook property is not sufficient to satisfy Robert's tax debts that are the subject of this litigation, and in so doing, both alters and amends its Opinion of October 8, 2008.

### Conclusion

For the reasons and to the extent set forth above, the Court grants the United States' Motion to Alter and Amend This Court's Order on Motion for Summary Judgment. Plaintiff's motion to compel and Defendants' motion to strike are denied as moot. A status hearing is set on this matter for February 6, 2009 at 9:00 a.m.

Date: January 21, 2009          E N T E R E D:

*Arlander Keys*
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT

9