

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT F. SCHAUDT, JOANN )<br>SCHAUDT, ROBERT F. SCHAUDT )<br>AND WILLIAM F. SCHAUDT, )<br>as co-trustees of the )<br>William G. Schaudt & Evelyn M. )<br>Schaudt Family Trust, )<br>)<br>Defendants. ) | Case No. 07 C 0895<br><br>Magistrate Judge<br>Arlander Keys |

### MEMORANDUM OPINION AND ORDER

Pursuant to Federal Rule of Civil Procedure 59(e), Defendants Robert F. Schaudt and Joann Schaudt timely moved this Court to alter and amend its Memorandum Opinion and Order of January 21, 2009. For the reasons set forth below, Defendants' motion is denied.

### Background

The facts of this case are presented in the Court's October 8, 2008 Memorandum Opinion and Order. *See United States v. Schaudt*, No. 07 C 0895, 2008 U.S. Dist. LEXIS 8056 (N.D. Ill. Oct. 8, 2008). Consequently, they will not be outlined in great detail here.

In its Order dated January 21, 2009, the Court addressed whether, in light of the value of Joann's marital interest in

Zeus Concepts, LLC (Zeus), Robert fraudulently transferred the Northbrook property to her. Specifically, the Court considered whether the transfer of the Northbrook property to Joann in exchange for her marital interest in Zeus was an exchange for reasonably equivalent value. The limited scope estimate provided by Defendants indicated that the highest value that could be assigned to Zeus was $4,231,000. Relying on Robert's admissions that the Zeus Trust owned 98% of the company, the Court found that Joann's marital interest could not exceed 2%, or $84,620. This amount, the Court held, is "considerably less" than the value of the house that she received in exchange. The Court opined that the transfer was not for reasonably equivalent value, and was therefore, constructively fraudulent.

Additionally, the Court analyzed whether the imposition of a constructive trust on the Antioch property was proper under the circumstances. Though the Court found that the transfer was constructively fraudulent, it noted that a constructive trust was the appropriate remedy irrespective of that finding. Allowing Joann to keep the property, the Court held, would result in her unjust enrichment. Further, the Court noted that it was of no consequence that she was innocent of collusion as "'[b]y accepting the property, [she] adopts the means by which it was procured.'" Consequently, the Court imposed "a constructive trust on the Antioch property to the extent that the equity in

the Northbrook property is not sufficient to satisfy Robert's tax debts that are the subject of this litigation."

## Standard of Review

Federal Rule of Civil Procedure 59(e) allows a party, within ten days of the entry of judgment, to file a motion to alter or amend the judgment. To be successful, the moving party must either present newly discovered evidence or establish a manifest error of law or fact. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). A Rule 59(e) motion is not the appropriate vehicle by which to rectify procedural errors or present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Id.*

## Discussion

Defendants ask the Court to reconsider its finding that the transfer of the Northbrook property was constructively fraudulent[1] and its imposition of a constructive trust on the Antioch property.

### I. Robert's Admissions

Initially, Defendants argue that the Court incorrectly made its decision, as it failed to "rely upon the terms of the actual

---

[1] Though Defendants' Rule 59 Motion to Alter or Amend and to Reconsider the Court's Ruling on January 21, 2009 references the fraudulent transfer of the *Antioch* property, this is in error as the Court has limited its Opinions to the fraudulent transfer of the property located in *Northbrook*. As such, the Court, in this Opinion, will continue to address the transfer of the Northbrook property rather than that located in Antioch.

3

written trust agreement," choosing instead, Robert's "recollection" of the terms of the trust. Defendants' argument that the trust document is the only evidence that the Court could consider when granting summary judgment, is misplaced. Indeed, the plain language of Federal Rule of Civil Procedure 56 - the rule governing summary judgment - states that courts may consider "pleadings, depositions, answers to interrogatories, and admissions on file" when determining whether there exists a genuine issue of material fact. This is precisely the type of documentation that the Court considered in making its determination. Indeed, during Robert's November 30, 2007 deposition, he admitted that the Zeus Trust owned 98% of Zeus and had done so since the trust's formation. (Pl.'s Resp. Defs.' Prop. Stat. Facts Supp. Defs.' Mot. Summ. J. Purs. Local Rule 56.1, Ex.2 Pt. 2 at 67.) This is but one of multiple instances in which he admitted such. (See also Defs.' Obj. Resp. Pl.'s Prop. Stat. Facts Supp. Cross-Mot. Summ. J. Purs. Local Rule 56(b)(3)(B).) The Court was entitled to rely on the admissions of an individual intimately familiar with the terms of the trust, and did so. Defendants have failed to direct the Court's attention to any case law standing for the proposition that the Court must consider the actual document as opposed to the admissions that Defendant made to the Court; indeed, there is none.

And though Defendants maintain that the Court improperly relied on what Robert "recalled" as to the ownership interests (seemingly implying that his recollection was possibly inaccurate), it is the responsibility of the parties to perform necessary research to ensure that representations made to the Court are accurate. Indeed, litigation revolves around these very submissions. And it defies logic that parties may make inaccurate statements to the Court, yet be shielded from liability (by simply implying that the representations were not correct) when these statements are properly used against them by an adversary. The proceedings surrounding the case at bar span multiple years. The parties have submitted an abundance of documents to one another and the Court. But though Defendants have had ample opportunity to correct any inaccuracies, to date, Robert's admissions regarding the ownership of Zeus and the terms of the Zeus Trust remain unchanged. Therefore, contrary to Defendants' arguments, the Court did not accept "unsubstantiated assumption[s]" but rather properly relied on the admissions of a party in this litigation.

Additionally, contrary to Defendants' assertion, there was indeed evidence presented as to the owners of the Trust. To be sure, Robert, himself admitted that the trust was "set up for [his] three kids" and that the "kids are equal . . . beneficiar[ies] of the . . . [t]rust." (Pl.'s Resp. Defs.' Prop.

Stat. Facts Supp. Defs.' Mot. Summ. J. Purs. Local Rule 56.1, Ex.2 Pt. 2 at 65-6.) The Court is not required to ignore these admissions and in considering them finds, as it did in its Opinion dated January 21, 2009, that the greatest marital interest in Zeus that Joann could possibly have possessed, was 2%.

## II. Rule 26(a)(2)

Defendants further maintain that the Government's use of Defendants' expert was improper as it violated Judge Castillo's order of October 18, 2007. Additionally, Defendants maintain that Plaintiff failed to disclose Defendants' expert as required by Federal Rule of Civil Procedure 26(a)(2). The Court disagrees. As an initial matter, Judge Castillo's order and Defendants' argument regarding Federal Rule of Civil Procedure 26(a)(2) are one and the same.[2]

Rule 26(a)(2) provides that "[A] party must disclose to the other parties the identity of any witness it may use at trial." Fed. R. Civ. P. 26(a)(2). However, the rule does not require that a party disclose the witnesses of its adversary, though it may ultimately use the expert's testimony. *See Peterson v. Union Pac. R.R. Co.*, No. 06-3084, 2008 U.S. Dist. LEXIS 76501, at *4 (C.D. Ill. Aug. 28, 2008)("Under Federal Rule of Civil Procedure

---

[2] Judge Castillo's order provided, *inter alia*, that "Plaintiff [was] to disclose all experts and fully comply with Fed. R. Civ. P. 26(a)(2) by 12/28/2007."

6

26(a)(2), a party must disclose the identity of *its* expert witnesses.")(emphasis added) Indeed, this is made clear by the presence of an additional requirement of Rule 26. Specifically, the rule requires that the disclosure of an expert be "accompanied by a written report – prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). This report must contain

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous ten years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.* It is highly unlikely that a witness retained by one party would be expected to provide this information to the adverse party that seeks to use the witness's testimony against the party that originally retained it. Further, that a party is not required to disclose the expert witness of its adversary, though it will rely on the expert's testimony, is bolstered by the rule's purpose. The Seventh Circuit opined that,

> Rule 26(a)(2)(A) facilitates preparation for expert testimony. Disclosure of experts' identities, and their conclusions (reflected in their reports), is essential if lawyers (who are not themselves experts in accounting, economics, or other bodies of specialized knowledge) are to prepare intelligently for trial. Disclosure also permits lawyers to ask for other experts' views on the soundness of the conclusions reached by the testimonial experts.

7

*SEC v. Koenig*, 557 F.3d 736, 744 (7th Cir. 2009).

In the case at bar, it is uncontroverted that the expert at issue is Defendants' expert. As such, nothing counsels placing Defendants on notice that Plaintiff would rely on the report. As Defendants commissioned the witness, they were acutely aware of the opinion that the expert provided and were afforded adequate time to prepare a line of defense to that report. This is not a novel concept. Indeed, parties to litigation routinely rely on evidence presented by adversaries. Further, juries are instructed to consider *all* of the evidence presented, regardless of which party presented it. They are not advised to only consider plaintiff's testimony in a manner in which it helps plaintiff's case, or vice versa. Nor is the Court required to proceed in this manner when considering motions for summary judgment. To do so would greatly diminish the efficacy of the entire discovery process. Plaintiff was entitled to use the report, though it was prepared by Defendants' expert, and was not required to disclose Defendants' expert witness as its own.[3]

---

[3] Defendants' reliance on *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879 (7th Cir. 2004) is misplaced. In *Commonwealth*, the appellant challenged the district court's failure to sanction appellee's use of an expert witness though appellee failed to properly disclose the expert pursuant to Federal Rule of Civil Procedure 26(a). Specifically, appellee relied on the deposition testimony of the witness for an adverse party, to support its arguments. However, though the witness was that of an adversary, it was not a witness commissioned by appellant. As such, the witness was not expected to simultaneously serve as a witness to the party that retained him

8

## Conclusion

For the reasons set forth above, the Court denies Defendants' Rule 59 Motion to Alter or Amend and to Reconsider the Court's Ruling on January 21, 2009.

Date: April 30, 2009         E N T E R E D:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT

---

as well as to the opposing side. Further, the witness was initially retained for a trial other than that which the parties were then involved.