MHN

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 0895 |
| ) | |
| v. ) | Magistrate Judge |
| ) | Arlander Keys |
| ) | |
| ROBERT F. SCHAUDT, JOANN ) | |
| SCHAUDT, ROBERT F. SCHAUDT ) | |
| AND WILLIAM F. SCHAUDT, ) | |
| as co-trustees of the ) | |
| William G. Schaudt & Evelyn M. ) | |
| Schaudt Family Trust, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The United States (hereinafter the Government) moves this Court pursuant to Federal Rule of Civil Procedure 54(b) for entry of final judgment against Robert F. Schaudt.[1] For the reasons set forth below, Plaintiff's motion for a Rule 54(b) judgment is granted.

### Background

The Court presumes familiarity with the factual background

---

[1] Initially, the Government also sought determinations regarding issues concerning Joanne Schaudt. However, Ms. Schaudt filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois on July 24, 2009, which automatically stays all judicial proceedings against her until such time as an order from the bankruptcy court provides otherwise. See 11 U.S.C. § 362(a)(West 2009). Consequently, claims regarding Ms. Schaudt will not be discussed here.

of this case as well as its procedural posture. Consequently, neither will be outlined here. Instead, the Court moves directly to address the legal issues presented by the pending motion.

## Standard of Review

In a case involving multiple claims or parties, Federal Rule of Civil Procedure 54(b) permits the district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). However, in deciding whether entry of final judgment under Rule 54(b) is appropriate, the court must first "expressly determine[] that there is no just reason for delay." *Id.* Under the Rule, the court functions as a "dispatcher." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980)(citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S. Ct. 895, 100 L. Ed. 1297 (1956)). Consequently, a determination made pursuant to Rule 54(b) is "left to the sound judicial discretion of the district court." *Id.*; *Shintom America, Inc. v. Car Telephones, Inc.*, 45 F.3d 1107, 1111 (7th Cir. 1995).

## Discussion

In deciding whether to enter a final judgment pursuant to Rule 54(b), the Court must first decide whether it is dealing with a "final judgment." *Curtiss-Wright Corp.*, 446 U.S. at 7. Indeed, "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief." *Id.* (citing *Sears,*

2

351 U.S. at 436). Further, it must be "final" – "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Id. (citations omitted). Second, the Court must determine that there is no just reason for delay. Id. at 8. In making this determination, issues of judicial administration must be considered. Id. Specifically, the Court should weigh concerns such as, inter alia, the avoidance of duplicative and piecemeal appeals. Id. Additionally, the equities in the case must be taken into account. Id. In weighing the equities, the Court may consider the merits of the original claim, the nonclaimant's solvency, and whether delaying the final determination will cause the claimant to suffer additional financial losses. See Id. at 6, 11-12.

The Government asks the Court to reduce to judgment "the unpaid balance of taxes owed by Robert F. Schaudt, plus statutory additions, which total $585,267.04 as of February 16, 2007." It relies on Defendant's admission that he owes the Internal Revenue Service (IRS) $542,868.00 and this Court's Memorandum Opinion and Order dated October 8, 2008, which assessed trust fund recovery penalties totaling $42,399.05 against Mr. Schaudt, himself, rather than Zeus Concepts, LLC. Conversely, Defendant opposes the motion on the sole basis that the trust fund recovery penalties are not within the jurisdiction of this Court; therefore, Defendant maintains, they should not have been

assessed against him.

The Court's ruling on October 8, 2008, constitutes a final judgment as defined by the *Curtiss-Wright* standard. The Government filed this action to, *inter alia*, reduce Defendant's tax assessments for various years to judgment. The October 8 Order granted summary judgment in favor of the Government and against Defendant with respect to specific tax assessments, including certain trust fund recovery penalties. This ruling resolved the issue of the amount of Mr. Schaudt's liability to the IRS raised in Count I of the Government's Complaint. To be sure, if a certain sum of money is alleged to be owed, a decision that recognizes the debt and orders remittance is a final disposition; the debt is either owed or it is not. Consequently, the October 8 Memorandum Opinion and Order represents a final judgment as to that claim.

Further, the Court finds that there is no just reason for delay. Though there exists commonality among the claims against the remaining Defendant, Joanne Schaudt, and the adjudicated claims against Robert Schaudt, the Court finds that they are easily severable. And should Mr. Schaudt appeal this judgment, the Court of Appeals will not have to decide issues more than once, as the only matter that is controverted is whether the

$42,399.05 is properly assessed against him individually.[2] Additionally, the Court again notes that Defendant concedes liability for the vast majority of the alleged debt. Finally, entry of judgment will potentially lessen the amount of work required of each party's counsel (translating into cost savings for Defendant and greater time to focus on other matters for the Government) as this is one less issue to be researched and argued in future submissions to the Court.

Consequently, these considerations justify entry of a Rule 54(b) final determination against Robert Schaudt. Though there are multiple parties and multiple claims, the liability of Mr. Schaudt has been decided and there is no just reason to delay entry of a judgment against him.

## Conclusion

For the reasons set forth above, the Court grants the United States' Motion to Enter Final Judgment with Regard to Robert F. Schaudt Pursuant to Federal Rule of Civil Procedure 54(b). Therefore, judgment is entered in favor of the Government and against Defendant in the amount of $585,267.04 as of February 16, 2007, plus interest at the rates provided under 26 U.S.C. § 6621,

---

[2] The Court acknowledges that the amount of Ms. Schaudt's liability depends ultimately upon the total amount that Robert is adjudged to owe the IRS. Having said that, entry of final judgment against Robert allows him the option to immediately appeal the Court's decision, during the pendency of Joanne Schaudt's bankruptcy litigation, while all proceedings (and determinations) against her are stayed.

as specified in 28 U.S.C. § 1961(c)(1), and other statutory additions from the foregoing date until paid.

Date: September 29, 2009        E N T E R E D:

                                _____
                                MAGISTRATE JUDGE ARLANDER KEYS
                                UNITED STATES DISTRICT COURT