UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|                                | )  |                                    |
|--------------------------------|----|------------------------------------|
| UNITED STATES OF AMERICA       | )  |                                    |
|                                | )  |                                    |
| Plaintiff,                     | )  | Civil No. 07-cv-00895              |
|                                | )  |                                    |
| v.                             | )  |                                    |
|                                | )  |                                    |
| ROBERT F. SCHAUDT, *et al.*,   | )  | Magistrate Judge Arlander Keys     |
|                                | )  |                                    |
| Defendants.                    | )  |                                    |
|                                | )  |                                    |

UNITED STATES' MOTION TO REOPEN CASE,
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 56(a), RENEWED MOTION FOR FINAL JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58,
AND SUPPORTING MEMORANDUM

NOW COMES the United States to move this Court to reopen this case and again moves this Court to enter partial summary judgment pursuant to Rule 56(a) with respect to the issue of whether Joann Schaudt ever rented out the Northbrook Property,[1] and thereafter, to enter a final judgment in this case pursuant to Rule 58 that would (a) declare that Robert's December 2005 transfer of his interests in the Northbrook Property to Joann was fraudulent under Illinois law, and therefore, null and void with respect to the United States, thus recognizing the attachment of all federal tax liens against Robert to the Northbrook Property, which are to be foreclosed upon in order to help satisfy the judgment against Robert; (b) order a judgment against Joann for her transferee liability to the

---

[1] Again, technically speaking, the issue of whether Joann ever rented out the Northbrook Property, an issue raised in the *Complaint*, has never been resolved in this case. For that reason, the United States incorporates the fact that she did rent out the property, which Joann admitted to in interrogatories without objection, in this motion for final judgment by way of a motion for partial summary judgment.

extent Robert is unable to satisfy the judgment entered against him by way of the sale of the Northbrook Property and up to the amount of $496,870; (c) impose a constructive trust upon the Antioch Property, by making Joann the trustee and the United States the beneficiary of such constructive trust, which is to be judicially sold to help satisfy Joann's transferee liability to the extent she is unable to otherwise satisfy such liability; and (d) order a judgment against Joann for all amounts of rent she actually received from having rented the Northbrook Property, the amount of which should be determined by an equitable accounting subsequent to the judicial sale of the Northbrook Property.

## MEMORANDUM OF SUPPORT

This motion has been fully briefed by the parties. Minute Order at Doc. 193 ("The parties agree that this Court's ruling on the pending, fully briefed motions will dictate whether it agreed with the government position and proposed order that was filed recently. The court will take those matters under advisement and issue a written decision as [soon as] possible."). The United States incorporates herein its filings with regard to a Rule 58 judgment. *See* Docs. 160, 161, 185, and 186.

The stay that had existed as a matter of law on this action with regard to Joann Schaudt, because of her filing a Chapter 7 bankruptcy petition in this District on July 24, 2009, is now lifted as a matter of law with regard to this action, for the purposes of entering a judgment against Joann Schaudt and foreclosing on the Northbrook and Antioch properties that are at issue in this action.

Under the bankruptcy code, the automatic stay is lifted with regard to property of the bankruptcy estate 30 days after a request to lift the automatic stay with respect to that property. 11 U.S.C. § 362(e)(1) (2009); *In re Vitreous Steel Products Co.*, 911 F.2d 1223, 1232, (7th Cir. 1990)

("The statute requires that the bankruptcy court's action be quick. If no action is taken on a motion for relief from the stay within thirty days of its filing, the stay is considered lifted."). Furthermore, the automatic stay is lifted with regard to the bankrupt individual 60 days after a request to lift the automatic stay with respect to that individual, unless the bankruptcy court rules on the request within the 60-day period or the 60-day period is specifically extended by agreement of the parties or by the bankruptcy court. *Id*. at § 362(e)(2). Under this District's local bankruptcy rules, the date of such "request" is the date of presentment of the motion for modifying the automatic stay. LOCAL BANKR. RULE 4001-1(B).

The United States moved on September 2, 2009 to modify the automatic stay in Joann Schaudt's bankruptcy action, for the purpose of allowing this Court to go forward with entering a judgment against Joann Schaudt and foreclosing on the Northbrook and Antioch properties at issue in this action. Docket Report for *In re Joann C. Schaudt*, 09-26821 (Bankr. N.D. Ill.), at line 29 (attached hereto as Exhibit 1). The United States presented this motion to Bankruptcy Judge Sonderby on September 9, 2009, and Judge Sonderby continued this hearing until October 6, 2009. *Id*. at line 34. At the continued hearing on October 6, 2009, Judge Sonderby stated to the parties that she would rule by mail on the motion to modify the automatic stay but otherwise did not continue the hearing nor specifically extend the automatic stay. *See generally id.* (reflecting no orders or other entries regarding the United States' motion to modify the automatic stay or the October 6, 2009 hearing).

It has now been over 60 days since any hearing has taken place with regard to the United States' motion to modify the automatic stay for the purposes of allowing this Court to enter a judgment against Joann Schaudt and foreclose on the Northbrook and Antioch properties.

Therefore, the automatic stay is lifted in that respect, and this Court should enter final judgment against Joann Schaudt and foreclose on the Northbrook and Antioch properties without further delay.

Dated: December 10, 2009

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

*/s/ John L. Schoenecker*
JOHN L. SCHOENECKER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6573
Fax: (202) 514-5238
Email: John.L.Schoenecker@usdoj.gov

CERTIFICATE OF SERVICE

I CERTIFY that the foregoing *United States' Motion to Reopen Case, Renewed Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(a), Renewed Motion for Final Judgment Pursuant to Federal Rule of Civil Procedure 58, and Supporting Memorandum* was served this 10th day of December, 2009, on those individuals registered to receive filings for the above-listed action by way of this Court's ECF/CM system.

*/s/ John L. Schoenecker*
JOHN L. SCHOENECKER