

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 0895 |
| ) | |
| v. ) | Magistrate Judge |
| ) | Arlander Keys |
| ) | |
| ROBERT F. SCHAUDT, JOANN ) | |
| SCHAUDT, ROBERT F. SCHAUDT ) | |
| AND WILLIAM F. SCHAUDT, ) | |
| as co-trustees of the ) | |
| William G. Schaudt & Evelyn M. ) | |
| Schaudt Family Trust, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to Federal Rule of Civil Procedure 56(a), Plaintiff moves this Court to enter partial summary judgment on a single, unresolved issue. Additionally, it asks the Court to enter final judgment pursuant to Federal Rule of Civil Procedure 58. For the reasons set forth below, Plaintiff's motion to enter partial summary judgment is granted. The Court also grants the Government's motion to enter final judgment.

### Background

The facts of this case have been presented *ad nauseum*. They will, therefore, not be outlined again here. Instead, the Court will recount the procedural posture of the case relevant to the motions presently before it.

On May 11, 2009, Plaintiff filed the United States' Motion

for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(a), Motion for Final Judgment Pursuant to Federal Rule of Civil Procedure 58, and Supporting Memorandum. Shortly after the motions were fully briefed, Joann Schaudt filed a voluntary petition under Chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. §§ 701 et seq. The filing of the petition resulted in an immediate and automatic stay of collections and other proceedings against Mrs. Schaudt. *See* 11 U.S.C. § 362(a)(6). Consequently, during the pendency of the stay, the Government requested that the Court enter final judgment against Robert Schaudt; the Court did so on September 29, 2009. Because the automatic stay protecting Mrs. Schaudt has been lifted, the Government now seeks to reinstate proceedings against her; it, therefore, renewed its pending motions.

### Standard of Review

Summary judgment is proper if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.

Ed. 2d 202 (1986). Though this standard places the initial burden on the moving party, once it has met this burden of production, the nonmoving party "may not rely merely on allegations or denials in its own pleading" but instead must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). When deciding whether summary judgment is proper, the Court must accept the nonmoving party's evidence as true and draw all inferences in favor of that party. *See Anderson*, 477 U.S. at 255. The Court will disregard all facts not properly supported by the record. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997).

## Discussion

Plaintiff moves for summary judgment on the issue of whether Joann Schaudt ever rented out the Northbrook Property. In making its argument, it relies on Mrs. Schaudt's own admission that she did so. Mrs. Schaudt concedes as much, yet argues that summary judgment is inappropriate as Plaintiff has failed to present any evidence regarding the actual amount, if any, of rental income that she received. Her argument, however, is misplaced. Indeed, the Government moved for summary judgment only on the factual issue of whether she had rented the property out, not on the amount of income received. Because Mrs. Schaudt admits as much, summary judgment on this issue is warranted.

## Conclusion

For the reason set forth above, the Court grants the United States' Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(a). Additionally, its Motion for Final Judgment Pursuant to Federal Rule of Civil Procedure 58 is granted.

Date: February 8, 2010         E N T E R E D:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT